JOAN TISSOT, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF ANNA KELEMAN, PLAINTIFF-APPELLANT, v. FLASHNER REALTY COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 7, 1949—Decided March 14, 1949.

*Mr. Irving Siegler* argued the cause for the plaintiff-appellant (*Mr. Michael Breitkopf,* attorney).

*Mr. Abraham L. Friedman* argued the cause for the defendant-respondent (*Mr. Samuel Poleshuck,* attorney).

PER CURIAM. This is an appeal from a judgment of non-suit, entered in the former Essex County Circuit Court, in a suit in

which the appellant sought damages ensuing from the death of Anna Keleman as the result of her falling down a stairway while a guest of a tenant on premises owned and controlled by defendant.

On the day of the accident Mrs. Keleman had been visiting a friend who lived on the third floor of the premises. She was found injured on the first floor landing. There were no eye witnesses to the accident itself.

A Mr. Bappista, who lived on the second floor, was asleep at the time. He was awakened by a loud noise. He testified "That noise is go on the second floor", he heard the noise "from the second floor to the first floor". He went out and saw the woman lying on the first floor landing.

Several days later decedent's son-in-law had pictures taken of the stairway leading to the second floor which show two of the steps near the top in a bad state of disrepair, with the treads defective.

There is a complete absence of testimony as to where Mrs. Keleman fell or what caused her to fall. Assuming there was sufficient proof of negligence on the part of defendant as to the maintenance of the stairway it was still incumbent on the plaintiff to show by evidence, or inferences which could be legitimately drawn therefrom, that the particular negligence complained of was the proximate cause of decedent's fall. *Smith v. Public Service,* 78 *N. J. L.* 478 *(E. & A.* 1909*); Ball v. Atlantic City Ambassador Hotel Corp.,* 57 *Atl. Rep.* 2*nd* 362 *(E. & A.* 1948*),* not as yet officially reported. All the evidence shows is that an accident occurred. It is fundamental this is not sufficient.

The non-suit was proper. The judgment is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal:* None.